UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES EDWARD WHITE,

    Plaintiff,

v.

UNITED STATES SUPREME COURT, et al.,

    Defendants.
_____/

Case No. 1:23-cv-01248

HON. JANE M. BECKERING

## MEMORANDUM OPINION AND ORDER

Pending before the Court in this case, brought by *pro se* Plaintiff James Edward White against the United States government, are three motions: Defendants' motion to dismiss (ECF No. 17), Plaintiff's first motion to amend his complaint (ECF No. 25), and Plaintiff's second motion to amend his complaint (ECF No. 41). The Magistrate Judge issued a Report and Recommendation regarding Defendants' motion to dismiss and Plaintiff's first motion to amend, recommending that the Court grant Defendants' motion to dismiss, deny Plaintiff's motion to amend, and close this case (ECF No. 39). Plaintiff subsequently filed his second motion to amend his complaint. This matter is currently before the Court on Plaintiff's objections to the Report and Recommendation of the Magistrate Judge. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

As the Magistrate Judge observed (R&R, ECF No. 39 at PageID.817), "Defendants fairly summarized [Plaintiff's] claims as follows:"

> Although the Complaint is difficult to decipher, it appears that Plaintiff is alleging that the Supreme Court violated his constitutional rights by denying his Petition for a Writ of Certiorari and the corresponding request for reconsideration. ([ECF No. 1 at PageID.3–7 ¶¶ 4–5, PageID.19 ¶ 29, and PageID.26–27 ¶52]).  It also appears that Plaintiff is alleging that the U.S. House and the Executive violated his constitutional rights by not responding to his petition letters. ([*Id*. at PageID.3–7 ¶¶ 4-5, 31–32 ¶¶ 58-59]).

Defendants' Brief (ECF No. 18 at PageID.677–78).  Plaintiff's Complaint, like the Complaint filed in related case *James Edward White v. State of Michigan*, 1:23-cv-1180, involves allegedly incorrect unemployment benefits paid by Plaintiff's employer Michigan State University during the week of September 30, 2017 (ECF No. 1 at PageID.7–8 ¶8).  The Court dismissed the related case on September 12, 2024.  *See White v. Michigan*, No. 1:23-cv-1180, 2024 WL 4479917 at *1-2 (Aug. 6, 2024), *R&R adopted*, 2024 WL 4163378 (W.D. Mich. Sept. 12, 2024).

The Magistrate Judge recommends that Plaintiff's Complaint be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction because the three defendants are all part of the federal government, which is immune from suit unless Plaintiff identifies a waiver of sovereign immunity, and Plaintiff has not done so (R&R, ECF No. 39 at PageID.819–20).  The Magistrate Judge also recommends that Plaintiff's first motion to amend his Complaint be denied because justice does not require granting the motion (*id.* at PageID.820). The Magistrate Judge observes that Plaintiff's "proposed document is not an integrated amended complaint" and, moreover, the document "do[es] not correct the underlying defect, *i.e.*, defendants have sovereign immunity" (*id.*).

Plaintiff's Objection fails to address, on its terms, the Magistrate Judge's reasoning that the Complaint should be dismissed because Plaintiff did not identify a waiver of Defendants'

sovereign immunity. Rather, Plaintiff takes issue with the concept of sovereign immunity itself. (*See* ECF No. 40 at PageID.828 ("'Sovereign immunity' regarding the USA is a fiction created by a series of 'mistakes' occasioned by the courts, the U.S. Supreme Court not being the least of said courts.")). Moreover, Plaintiff does not object to the Magistrate Judge's conclusion that his first motion to amend his Complaint should be denied; instead, Plaintiff indicates that he is filing a second motion to amend his Complaint (*id.* at PageID.831). Plaintiff's objections fail to demonstrate any factual or legal error in the Magistrate Judge's analysis or conclusion. Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court with respect to Defendants' motions to dismiss and Plaintiff's first motion to amend his Complaint.

As to Plaintiff's second motion to amend his Complaint, Federal Rule of Civil Procedure 15(a)(2) provides that where amendment as a matter of course is no longer available, "a party may amend its pleading only with the opposing party's written consent or the court's leave," and "the court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "[T]he grant or denial of an opportunity to amend is within the discretion of the District Court." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Considerations for the district court in granting or denying an amendment include whether there was 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.'" *Campfield v. Safelite Grp., Inc.*, 91 F.4th 401, 414 (6th Cir. 2024) (quoting *Foman, supra*). "A motion to amend is futile 'where a proposed amendment would not survive a motion to dismiss.'" *Banerjee v. Univ. of Tenn.*, 820 F. App'x 322, 329 (6th Cir. 2020) (citation omitted).

As Defendants correctly point out, Plaintiff's "proposed amendments do not fix the flaws in Plaintiff's Complaint that were already identified in Defendants' Motion to Dismiss and the Magistrate Judge's Report and Recommendation" (ECF No. 42 at PageID.1014).  The proposed Second Amended Complaint still attempts to sue the same three Defendants for the same conduct and fails to identify an applicable waiver of sovereign immunity.  Accordingly, Plaintiff's second request to amend his Complaint is futile and properly denied.

A Judgment will be entered consistent with this Opinion and Order.  *See* FED. R. CIV. P. 58.

Therefore:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 40) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 39) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Motion to Dismiss (ECF No. 17) is GRANTED.

**IT IS FURTHER ORDERED** that the Motion to Amend (ECF No. 25) is DENIED.

**IT IS FURTHER ORDERED** that the Second Motion to Amend (ECF No. 41) is DENIED.

Dated:  February 25, 2025                                  /s/ Jane M. Beckering
                                                                                JANE M. BECKERING
                                                                                United States District Judge